## CLARK v. PAGE OIL CO.
### No. 1147.

District Court, W. D. Pennsylvania.

April 18, 1941.

Margiotti, Evans & Pugliese and John E. Evans, Jr., all of Pittsburgh, Pa., for plaintiff.

English, Quinn, Leemhuis & Tayntor, of Erie, Pa., for defendant.

GIBSON, District Judge.

The defendant has moved to dismiss the complaint, alleging that it fails to state a claim upon which relief can be granted.

The complainant asserts that he was a real estate broker at the times involved in the suit; that he was employed by the defendant to act as its agent for the purpose of making sale of its oil property, and as embodying the offer of such employment was given the following writing:

"Page Oil Company
"Olean, New York
"May 12, 1937.
"Mr. Thomas Clark,
"Buffalo, N. Y.
"Dear Sir:
"This company has title to and owns the oil right on the Ralph premises located in the Townships of Wetmore and Sergeant, McKean County, Pennsylvania, the acreage of which aggregates 5300 acres, all of which is owned in fee except about 400 acres.

"At any time within forty (40) days from this date we will sell this property to you for Two million five hundred thousand dollars ($2,500,000.00) and out of that will pay you commission of One Hundred Thousand Dollars ($100,000.00).

"Yours very truly,
"Page Oil Company,
"By (signed) Wilson K. Page,
"President."

The defendant avers that the agreement, reduced to writing as set forth, discloses nothing other than a forty-day option upon the property and a promise of a rebate of $100,000 in event the property was purchased by plaintiff.

The written agreement, involving considerable sums, was carelessly drawn. By the first part of an unpunctuated sentence an option is granted, and by the following part an agency is intimated by the offer of a "commission". The defendant's contention that "commission" necessarily is to be interpreted as "rebate" cannot be accept-

ed by the court, although the word may sometimes be so carelessly used. A "commission" is a percentage or allowance to an agent, and a "rebate" is a deduction from cost. The proper interpretation of the word as used in the agreement must be determined by extrinsic testimony and the surrounding circumstances. Either interpretation could stand without making the first and last parts of the sentence repugnant to each other. A limited option to buy and an agency to sell could, and rather naturally would, exist at the same time. Allegations contained in the complaint, if proven, would cause the written agreement to be properly interpreted as providing a commission for an agent.

The motion of defendant to dismiss the complaint will be denied.